UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| WILLIAM McCOVEY III, | No. C 14-1292 LB |
| Plaintiff, | **ORDER TO SHOW CAUSE** |
| v. | [Re: ECF Nos. 1, 8] |
| DEL NORTE COUNTY; et al., | |
| Defendants. | |
| _____/ | |

## INTRODUCTION

William McCovey III, formerly an inmate in the Del Norte County Jail, filed this *pro se* prisoner's civil rights action under 42 U.S.C. § 1983. His complaint, as amended, is now before the court for review under 28 U.S.C. § 1915A. This order requires plaintiff to show cause why this action should not be dismissed as untimely and because plaintiff already litigated his claim.

## STATEMENT

Plaintiff alleged in his complaint that he was subjected to excessive force by seven officers on an unstated date at the Del Norte County Jail. ECF No. 1 at 3. One of those officers was Debra Guzman, and the other six officers were listed as John Doe defendants. He alleged, among other things, that the officers entered his cell and jumped on his back, pulled him out of his cell by his hair, and stomped on his back again. *Id.* Plaintiff sought money damages.

Upon noting that several statements in his complaint indicated that the incident complained of was the same incident complained of in *McCovey v. Guzman*, Case No. C 01-2850 SBA, the court required plaintiff to file an amendment to the complaint to state the date on which the alleged excessive force took place. ECF No. 5.

Plaintiff then filed an amendment in which he stated that "the exact time of the excessive force is on my original complaint filed 2001, heard by your honorable Judge Saundra Armstrong Brown, federal court in Oaktown." ECF No. 8 at 2.  Plaintiff also wrote that the 2001 action had been dismissed due to the court's inability to contact him. *Id.* at 1.  He further wrote in his amendment: "My home burned down, and due to my P.T.S.D. condition I was unable [to] manage my own affairs due to my major spinal condition and medication." *Id.*  He reportedly had major surgeries in 2006 and 2007 for injuries from the use-of-force incident, is now disabled and dependent on narcotics for pain control, and has panic attacks and is anti-social due to the P.T.S.D. *Id.* at 1-2.

Plaintiff's statement that the 2001 action was dismissed because the court was unable to contact him was incorrect.  On February 11, 2005, the court granted summary judgment for defendant Deborah Guzman and dismissed the Doe defendants without prejudice.  See ECF No. 23 in *McCovey v. Guzman*, No. C 01-2850 SBA.  The dispositive order was mailed to plaintiff at the address he provided less than ten days before the order was mailed, and the docket sheet does not show that the mail was returned undelivered.  *See* ECF Nos. 22 and 23 in *McCovey v. Guzman*, No. C 01-2850 SBA.  Plaintiff did not appeal; he apparently did nothing further in the 2001 action until 2013, when he inquired about the case status and requested appointment of counsel.  *See* ECF Nos. 24 and 26 in *McCovey v. Guzman*, No. C 01-2850 SBA.  In a letter filed March 13, 2014, plaintiff wrote to Judge Armstrong that he intended to file a new civil rights complaint about the same use of force incident.  *See* ECF No. 34 in *McCovey v. Guzman*, No. C 01-2850 SBA.  This action was filed a couple of days later.

## ANALYSIS

**I.  REVIEW OF COMPLAINT**

**A.  Legal Standard**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks

redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

A party has a limited amount of time to file his complaint and generally has only one chance to litigate his claims. Plaintiff's complaint appears to have timeliness and res judicata/collateral estoppel problems. Both are fatal to the complaint.

**B. Statute of Limitations Concerns**

A "statute of limitations" sets the amount of time within which an action must be brought for a wrong. There is not a universal statute of limitations or a single limitations period; instead, the length of the limitations period depends on the nature of the cause of action being asserted. Section 1983 does not contain its own limitations period, so the court looks to the limitations period of the forum state's statute of limitations for personal injury torts. *See Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994). California's statute of limitations period for personal injury torts is now two years, and the statute of limitations period for § 1983 claims is two years. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); Cal. Civ. Proc. Code § 335.1; *Elliott*, 25 F.3d at 802. It is federal law, however, that determines when a cause of action accrues and the statute of limitations begins to run in a § 1983 action. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Elliott*, 25 F.3d at 801-02. Under federal law, a claim generally accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *See TwoRivers*, 174 F.3d at 991-92; *Elliott*, 25 F.3d at 802. The statute of limitations period generally begins when a plaintiff has knowledge of the "critical facts" of his injury, which are "that he has been hurt and who has inflicted the injury." *United States v. Kubrick*, 444 U.S. 111, 122 (1979).

The limitations period may be tolled for certain disabilities that existed when the cause of action

accrued. *See* Cal. Penal Code § 357. Incarceration of the plaintiff is a disability that may toll the statute for a maximum of two years, but only for a plaintiff who is in prison "for a term less than for life." *See* Cal. Civ. Proc. Code § 352.1. And a plaintiff's insanity is a disability that may toll the limitations period. *See* Cal. Civ. Proc. Code § 352(a). For purposes of the tolling provision, "the term 'insane' has been defined as a condition of mental derangement which renders the sufferer incapable of caring for his property or transacting business, or understanding the nature or effects of his acts." *Hsu v. Mt. Zion Hospital*, 259 Cal. App. 2d 562, 571 (Cal. Ct. App. 1968) (citation omitted); *cf. Feeley v. Southern Pac. Transp. Co.*, 234 Cal. App. 3d 949, 952 (Cal. Ct. App. 1991) (tolling proper for time during which plaintiff was in a coma immediately after the injury that gave rise to his cause of action); *Snyder v. Boy Scouts of America*, 205 Cal. App. 3d 1318, 1324 (Cal. Ct. App. 1988) (post-traumatic stress disorder does not count as "insanity" that tolls the limitations period).

The limitations period may be subject to equitable tolling. Under California law, equitable tolling "'reliev[es] plaintiff from the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage.'" *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993) (quoting *Addison v. California*, 21 Cal. 3d 313, 317 (1978)). Thus, in an appropriate case, the statute of limitations might be tolled for time spent pursuing a remedy in another forum before filing the claim in federal court.

Although the statute of limitations is an affirmative defense that normally may not be raised by the court sua sponte, it may be grounds for sua sponte dismissal of an *in forma pauperis* complaint where the defense is complete and obvious from the face of the pleadings or the court's own records. *See Franklin v. Murphy*, 745 F.2d 1221, 1228-30 (9th Cir. 1984). That is the situation here: the defense appears complete and obvious from the face of the complaint and amendment thereto. The amendment to the complaint states that the current action is for the same event that was the subject of plaintiff's action filed in 2001 and that the "exact date" of the excessive force incident is stated in the complaint in the 2001 action. *See* ECF No. 8 at 2. The complaint in the 2001 action stated that the excessive force occurred "[t]owards the end of July 2000." *See* Docket # 1 at 3 in *McCovey v.*

*Guzman*, No. C 01-2850 SBA. This action was filed more than thirteen years after the use-of-force incident, and more than twelve years after the 2001 action complaining of that incident was filed.

Plaintiff must file a response to this order, showing cause why the action should not be dismissed as time-barred. Of course, plaintiff is not limited to arguing only equitable tolling; he may submit any argument he has to show that the statute of limitations does not bar this action.

### C. Res Judicata and/or Collateral Estoppel Concerns

The court has the authority to examine the preclusive effect of a prior judgment sua sponte. *See Hawkins v. Risley*, 984 F.2d 321, 324 (9th Cir. 1993); *McClain v. Apodaca*, 793 F.2d 1031, 1032-33 (9th Cir. 1986).

The related doctrines of res judicata and collateral estoppel limit litigants' ability to relitigate matters. Under the doctrine of res judicata (also known as the claim preclusion doctrine), "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. . . . Under collateral estoppel [also known as the issue preclusion doctrine], once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1980).

The action filed by plaintiff in 2001 looks very similar, if not identical, to this action. The court therefore will require plaintiff to provide sufficient information for the court to analyze whether the present claims against the defendants are barred under the doctrines of res judicata and collateral estoppel. Plaintiff is ordered to show cause why the judgment against him in *McCovey v. Guzman*, No. C 01-2850 SBA, does not bar this action. For example, he may demonstrate that the factual basis for the claim in that action is not the same as for the claim in this action, or that the defendants did not prevail on the merits. He also may state any other reason he has why the judgment in the earlier action should not bar this action.

### CONCLUSION

The complaint as amended appears to be time-barred and barred by the doctrines of res judicata and collateral estoppel. Plaintiff is hereby ordered to show cause why this action should not be dismissed as barred by the statute of limitations and/or the doctrines of res judicata and collateral

estoppel. Plaintiff must file a written response to this order to show cause no later than **May 30, 2014**. Failure to file the response by the deadline will result in the dismissal of this action.

**IT IS SO ORDERED.**

Dated: April 29, 2014

_____
LAUREL BEELER
United States Magistrate Judge