UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| WILLIAM McCOVEY III, | No. C 14-1292 LB |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| DEL NORTE COUNTY; et al., | |
| Defendants. | |

## INTRODUCTION

William McCovey III filed this *pro se* prisoner's civil rights action under 42 U.S.C. § 1983, complaining of events and omissions that had occurred in 2000 and that had been the subject of an earlier action he filed. The court ordered Mr. McCovey to show cause why the action should not be dismissed as untimely and as barred by the doctrines of issue and claim preclusion. Mr. McCovey did not respond to the order to show cause, and the deadline by which to do so has passed. This order dismisses the entire action.

## STATEMENT

The complaint in this action was stamped "filed" on March 18, 2014. Mr. McCovey signed the complaint on March 10, 2014, and mailed it to the court from a county jail in Madras, Oregon. The envelope containing the complaint has a March 13, 2014 postmark. *See* ECF No. 2-1.

1    Mr. McCovey alleged in his complaint that he was subjected to excessive force by seven officers
2 on an unstated date at the Del Norte County Jail. ECF No. 1 at 3. One of those officers was Debra
3 Guzman, and the other six officers were listed as John Doe defendants. He alleged, among other
4 things, that the officers entered his cell and jumped on his back, pulled him out of his cell by his
5 hair, and stomped on his back again. *Id.* Mr. McCovey sought money damages.

6    Upon noting that several statements in his complaint indicated that the incident complained of
7 was the same incident complained of in *McCovey v. Guzman*, Case No. C 01-2850 SBA
8 (occasionally referred to as "the 2001 action"), the court required Mr. McCovey to file an
9 amendment to the complaint to state the date on which the alleged excessive force took place. ECF
10 No. 5.

11    Mr. McCovey then filed an amendment in which he stated that "the exact date and time of the
12 excessive force is in my original complaint filed 2001, heard by your honorable Judge Saundra
13 Armstrong Brown, federal court in Oaktown." ECF No. 8 at 2. The complaint filed in the 2001
14 action stated that the use of force incident occurred "[t]owards the end of July 2000." ECF No. 1 in
15 *McCovey v. Guzman*, Case No. C 01-2850 SBA.

16    In the 2001 action, the court granted summary judgment for defendant Debra Guzman and
17 dismissed the Doe defendants without prejudice on February 11, 2005. *See* ECF No. 23 in *McCovey*
18 *v. Guzman*, No. C 01-2850 SBA. The summary judgment order, like Debra Guzman's evidence,
19 identified the date of the use-of-force incident as September 3, 2000. *Id.* at 5-6. Mr. McCovey did
20 not file an appeal in the 2001 action.

21    The documents filed in the 2001 action provided some information about Mr. McCovey's
22 custodial status around the time of the use-of-force incident. State court records filed as exhibits to a
23 declaration showed the following: Mr. McCovey had pled guilty to certain criminal charges on
24 August 8, 2000 and was sentenced on September 5, 2000. *See* Exs. C and M to ECF No. 19 in
25 *McCovey v. Guzman*, No. C 01-2850 SBA. His prison sentence was suspended and he was put on
26 probation. *See id.* He was sent to a residential treatment program on or about September 15, 2000.
27 *See* Exs. N-Q to ECF No. 19 in *McCovey v. Guzman*, No. C 01-2850 SBA. A bench warrant was
28 issued for Mr. McCovey's arrest on October 6, 2000 in response to the People's petition for

modification of probation in which the People had alleged that Mr. McCovey violated probation by leaving the residential treatment program on October 1, 2000 and committing further crimes on October 4, 2000. *See* Exs. N, O and P to ECF No. 19 in *McCovey v. Guzman*, No. C 01-2850 SBA. Mr. McCovey thus was out of custody no later than October 6, 2000, when the bench warrant for his arrest was issued. By the time Mr. McCovey filed the 2001 action on July 25, 2001, he was once again incarcerated, this time at Avenal State Prison. On February 2, 2005, he filed a change of address notice with a non-prison mailing address. *See* ECF No. 22 in *McCovey v. Guzman*, No. C 01-2850 SBA.

## ANALYSIS

### I. The Complaint is Time-Barred

In an action brought under 42 U.S.C. § 1983, the court applies the limitations period of the forum state's statute of limitations for personal injury torts. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994). The statute of limitations in California for personal injury torts, and hence for § 1983 claims, was one year until the legislature changed it to two years effective January 1, 2003. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); former Cal. Civ. Proc. Code § 340(3) (one-year general residual statute of limitations for personal injury actions); Cal. Civ. Proc. Code § 335.1 (current codification of residual limitations period); *Elliott*, 25 F.3d at 802. Under federal law, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *TwoRivers v. Lewis*, 174 F.3d 987, 991-92 (9th Cir. 1999); *Elliott*, 25 F.3d at 802.

Mr. McCovey's claim accrued on September 3, 2000, the day he allegedly was subjected to the use of excessive force in the Del Norte County Jail. *See Cabrera v. City of Huntington Park*, 159 F.3d 374, 381 (9th Cir. 1998) (plaintiff's excessive force claim accrued on day of his arrest). The complaint in this action was deemed filed on March 10, 2014, more than thirteen years later.[1]

---

[1] Although the complaint was not stamped "filed" until March 18, 2014, Mr. McCovey receives the benefit of the prisoner mailbox rule. *See Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003) (to benefit from the mailbox rule, a prisoner must meet two requirements: (1) he must be proceeding without assistance of counsel, and (2) he must deliver his filing to prison authorities for forwarding to the court). Mr. McCovey's complaint is deemed to have been filed on

1    A federal court must give effect to a state's tolling provisions. *See Hardin v. Straub*, 490 U.S.
2    536, 543-44 (1989). California recognizes imprisonment as a disability that tolls the statute of
3    limitations when a person is "imprisoned on a criminal charge, or in execution under the sentence of
4    a criminal court for a term less than for life." Cal. Civ. Proc. Code § 352.1(a). The tolling is not
5    indefinite, however; the disability of imprisonment delays the start of the limitations period for a
6    maximum of two years. *Id.*; *see also Cabrera*, 159 F.3d at 378-79 (in California, statute of
7    limitations period begins to run immediately after a disability period ends).

8    Mr. McCovey is entitled to only a small amount of tolling for the disability of incarceration
9    because he was released from jail shortly after the use-of-force incident on September 3, 2000.
10   According to state court records filed in the 2001 action, Mr. McCovey was released from jail to a
11   residential treatment program on or about September 15, 2000. A bench warrant was issued for his
12   arrest on October 6, 2000 after he was charged with crimes committed on October 4, after he left the
13   residential treatment program on October 1, 2000. Mr. McCovey thus was out of custody no later
14   than October 6, 2000, and receives only 33 days of tolling for the disability of incarceration because
15   the statute of limitations started upon his release and was not tolled again by any subsequent
16   incarceration. *See Boag v. Chief of Police*, 669 F.2d 587, 589 (9th Cir. 1982) (holding disability of
17   imprisonment ceases upon release on parole); *Williams v. Coughlan*, 244 F.2d 6, 8 (9th Cir. 1957)
18   (holding statute of limitations not tolled after prisoner released). Giving him credit for those 33 days
19   of tolling due to incarceration results in a new statute of limitations deadline of October 6, 2001.[2]

---

March 10, 2014, the date on which he signed it and presumably gave it to jail officials to mail to the court.

[2]If Mr. McCovey had been incarcerated continuously from the time of the use-of-force incident on September 3, 2000 until now, the time calculations would change but not enough to help him. First, the continuous incarceration would toll the limitations period for two years and delay the start of the limitations period until September 3, 2002. *See* Cal. Civ. Proc. Code § 352.1(a). Second, with that new starting date of September 3, 2002, the limitations period would not have expired before the California Legislature lengthened the limitations period from one year to two years, and Mr. McCovey would have been subjected to the two-year limitations period of California Code of Civil Procedure § 335.1 rather than the one-year limitations period in place at the time of the use-of-force incident. *Cf. Maldonado*, 370 F.3d at 955 ("Under California law, an extension of a statute of limitations will not apply to claims already barred under the prior statute of limitations unless the

1    The limitations period may be subject to equitable tolling.  Under California law, equitable tolling "'reliev[es] plaintiff from the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage.'"  *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993) (bracketed material in source) (quoting *Addison v. California*, 21 Cal. 3d 313, 317 (1978)).  Thus, in an appropriate case, the statute of limitations might be tolled for time spent pursuing a remedy in another forum (e.g., state court or administrative proceedings) before filing the claim in federal court.  The 2001 action filed by Mr. McCovey does not support any equitable tolling because it was not filed in a different forum and instead was filed in the same federal court.

   Although the statute of limitations is an affirmative defense that normally may not be raised by the court *sua sponte*, it may be grounds for *sua sponte* dismissal of an *in forma pauperis* complaint where the defense is complete and obvious from the face of the pleadings or the court's own records.  *See Franklin v. Murphy*, 745 F.2d 1221, 1228-30 (9th Cir. 1984).  That is the situation here: the defense is complete and obvious from the face of the complaint and amendment thereto.  The court has given Mr. McCovey notice of the statute of limitations problem and provided him an opportunity to show cause why the action should not be dismissed as time barred.  This action was filed more than thirteen years after the use-of-force incident, and more than twelve years after the statute of limitations expired.  The action must be dismissed as time-barred.

## II. The Complaint Against Debra Guzman Is Barred By Res Judicata

   Under the doctrine of res judicata (also known as the claim preclusion doctrine), "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.  Under collateral estoppel [also known as the issue preclusion doctrine], once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a

---

Legislature explicitly provides otherwise").  Under the most favorable scenario -- tolling for two years followed by a two-year limitations period – Mr. McCovey's filing deadline would have been September 3, 2004, four years after the use of force incident.

party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (internal citation omitted).  Res judicata bars not only every claim that was raised in state court but also bars the assertion of every legal theory or ground for recovery that might have been raised in support of the granting of the desired relief.  "In order for res judicata to apply there must be: 1) an identity of claims, 2) a final judgment on the merits, and 3) identity or privity between parties." *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997) (citing *Blonder-Tongue Lab. v. Univ. of Ill. Found.*, 402 U.S. 313, 323-24 (1971)).

    Here, all three requirements for res judicata are satisfied.  The claim is the same in this action as in the 2001 action; indeed, Mr. McCovey directs the reader in this action to his 2001 complaint to determine the date of the incident of which he complains.  There is an identity of claims in the pleadings in the 2001 action and in this action as they allege the same basic operative facts (albeit with some minor differences in describing the force used) and seek recovery for a violation of the same constitutional right.  *See Hells Canyon Pres/ Council v. U.S. Forest Serv.*, 403 F.3d 683, 690 (9th Cir. 2005) (quoting *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982) (whether there is an identity of claims turns on: "1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. The last of these criteria is the most important.")  The 2001 action ended with a final judgment on the merits as to Debra Guzman.  The court granted summary judgment for Ms. Guzman on the merits of the excessive force claim and on her defense of qualified immunity.  *See* ECF No. 23 in *McCovey v. Guzman*, No. C 01-2850 SBA.  The court determined that, on the undisputed facts, the force used by Ms. Guzman was applied in a good-faith effort to maintain or restore discipline, and not maliciously and sadistically to cause harm.  *See id.* at 5-7.  That judgment became final in 2005, as no appeal was taken by Mr. McCovey.  Lastly, as to Ms. Guzman, there is an identity of parties in the two actions: Mr. McCovey was the plaintiff in both actions and Ms. Guzman was a defendant in both actions.  Res judicata bars Mr. McCovey from relitigating his excessive force claim against Ms. Guzman.  The res judicata bar applies only to Ms. Guzman

because the other defendants – Doe defendants whose true names Mr. McCovey never provided – were dismissed without prejudice in the 2001 action. *See* Docket # 23 at 1 & n.2 in *McCovey v. Guzman*, No. C 01-2850 SBA.

## CONCLUSION

This action was not filed before the expiration of the statute of limitations period, and therefore is dismissed as time-barred. As to defendant Debra Guzman, the action is dismissed for the separate and additional reason that it is barred by the doctrine of res judicata. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: July 9, 2014

_____
LAUREL BEELER
United States Magistrate Judge